NO. 07-00-0399-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 27, 2001
_____

SAMUEL DEAN JONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13669-0003; HON. EDWARD L. SELF, PRESIDING
_____

*ABATEMENT AND REMAND*
_____

Before QUINN and REAVIS and JOHNSON, JJ.

Samuel Dean Jones, appellant, appeals his conviction for possessing a controlled substance. Appellant filed a motion for new trial which was overruled by operation of law. Both his notice of appeal and the clerk's record were timely filed with this Court. On October 10, 2000, we received a request for extension to file the reporter's record from the official court reporter of the 242nd District Court of Hale County. The request was granted,

and the deadline was extended to January 29, 2001. On January 17, 2001, we received a letter from the court reporter regarding his upcoming surgery. However, the reporter assured us that either he would file the record or request another extension. January 29th passed without the record or a request for extension being filed. On March 2, 2001, we advised the court reporter that the record had not been filed and directed him to tell us (within ten days) why it was outstanding. On March 14, 2001, the court reporter filed another request for an extension. Therein, he assured us that the document would be filed on March 19, 2001. On March 19th no record was received nor did we receive another request for an extension.

We, therefore, abate the appeal and remand the cause to the 242nd District Court of Hale County. The judge of said court is ordered to convene a hearing (after notice to appellant and the State) to determine the following matters:

1.     if appellant has abandoned his appeal;

2.     if appellant has not abandoned his appeal whether the attorney of record continues to represent appellant and will diligently pursue this appeal;

3.     whether a reporter's record can be transcribed and filed as part of the appellate record;

4.     whether the court reporter transcribing the reporter's record involved in this appeal is capable of completing the record and, if so, when it will be completed; and,

5.     whether an alternate reporter should be deputized and assigned the task of completing the record in a timely manner.

2

The trial court shall enter any and all orders necessary to assure the timely completion of the reporter's record involved in this appeal. So too shall it prepare and file its findings and orders and cause them to be included in a supplemental clerk's record. In addition, the trial court shall cause a transcription of the hearing to be prepared and included in the supplemental reporter's record. Both the supplemental clerk's record and reporter's record must be submitted to the clerk of this court no later than April 26, 2001. Should additional time be needed to comply with this order, the district court may request same on or before April 26, 2001.

It is so Ordered.


Per Curiam

Do not publish.

3